**Holly L. ZEESE, Plaintiff,**

v.

**SMURFIT–STONE CONTAINER CORP., Defendant.**

No. 4:11cv83.

United States District Court, E.D. Virginia, Newport News Division.

Sept. 30, 2011.

Holly L. Zeese, pro se.

Andrew K. Rudiger, Stanley G. Barr, Jr., Kaufman & Canoles PC, Norfolk, VA, Clifford M. Weiss, Lisa Karp Rose, Fox & Weiss, PA, Marietta, GA, for Defendant.

### DISMISSAL ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiff brought this pro se action alleging sexual harassment by her employer

and other claims. Plaintiff filed a Motion for an Extension of Time to file her initial disclosures because of illness. Defendant Smurfit–Stone Container Corp. ("Smurfit") did not oppose this Motion. Accordingly, it is **GRANTED** for good cause shown.

On September 1, 2011, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). The Motion asserts that this court lacks jurisdiction to consider Plaintiff's claims because the claims were discharged in Defendant's bankruptcy proceeding. Although Plaintiff was advised of her opportunity to respond to Defendant's Motion to Dismiss, she did not do so or move for an extension of time in which to respond. For the reasons below, the court will grant Defendant's Motion to Dismiss.

■ A plaintiff has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* Additionally, a court can consider public records without converting a motion to dismiss into a motion for summary judgment. *Papasan v. Allain*, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir.2011). A district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

■ This case has a significant procedural history involving Smurfit's bankruptcy. While the court surmises that Plaintiff may not have appreciated fully the impact that Smurfit's bankruptcy would have upon her claim, the history mandates dismissal of this action.

Plaintiff filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") in 2008. The Charge asserted that Plaintiff had been discriminated against when she was terminated in 2007. In 2009, Smurfit initiated bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware. Plaintiff was advised that she needed to file a proof of claim; she did so, stating that the basis of her claim was her 2008 EEOC Charge. The Bankruptcy Court confirmed a reorganization plan that became effective on June 30, 2010. That Order approving the reorganization plan specifically discharged Smurfit from any liability for any claims arising before its effective date, whether or not a proof of claim had been filed. D.E. # 13–2 at p. 73–74. The Order also states that anyone who holds a discharged claim is forever barred from filing a suit based on such a claim. *Id.* at 75–76. Therefore, all claims arising prior to June 21, 2010, were discharged. 11 U.S.C. § 1141(d). Plaintiff's claims arose in 2007, when she was terminated. *Holcombe v. U.S. Airways, Inc.*, 369 Fed.Appx. 424, 428 (4th Cir.2010); *Holmes v. Air Line Pilots Ass'n*, 745 F.Supp.2d 176, 196 (E.D.N.Y.2010). Plaintiff's asserted OSHA claims and 42 U.S.C. § 1983 claims arose in 2008 according to Plaintiff's Complaint.[1]

In August 2010, Smurfit objected specifically to Plaintiff's particular claim, indi-

---

1. These claims were not asserted in Plaintiff's proof of claim. In any event, Plaintiff's purported § 1983 claim against a private corporation would fail for want of state action and because it is barred by the statute of limitations. Plaintiff's OSHA claim would fail because OSHA does not create a private right of action.

cating it believed it had no liability with regard to Plaintiff. After Plaintiff did not respond to Smurfit's objection after being served with it, the Bankruptcy Court disallowed Plaintiff's claim in September 2010. D.E. ## 13–8 and 13–9. The Bankruptcy Court's Order provided that the Bankruptcy Court "shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order." D.E. # 13–9. Plaintiff has not challenged this determination in the Bankruptcy Court.

This court could not afford Plaintiff any relief without contradicting Orders of the Bankruptcy Court, which retained exclusive jurisdiction over issues arising from its Orders. This court thus lacks jurisdiction to consider Plaintiff's claim, and therefore dismissal is appropriate. *Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 32 (1st Cir.2009) (dismissing case with almost identical facts); *Carter v. Safety–Kleen Corp.*, No. 06 cv 12947, 2007 WL 1180581, at *6 (S.D.N.Y. Mar. 14, 2007) (advising Plaintiff that his "sole remedy is to pursue his Proof of Claim in the Bankruptcy Court"). Any reconsideration of the Bankruptcy Court's Order disallowing and releasing her claim must be sought in that court.

■ The EEOC presumably was not aware of the procedural history of Plaintiff's claim when it issued Plaintiff a right to sue letter in March 2011. The court can appreciate that the notice generated confusion. But the right to sue letter is a procedural prerequisite to suit only; it does not give rise to the claim or alter the rulings of the Bankruptcy Court. *Holcombe v. U.S. Airways, Inc.*,

Therefore, Defendant's Motion to Dismiss is **GRANTED**. Defendant's Motion to Stay Discovery during the pendency of the Motion to Dismiss is **MOOT**.

Plaintiff may appeal from this final Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607. Said written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.